IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Dale Evans, ) | Civil Action No. 4:08-70011 | |
| ) | Criminal Action No. 4:04-140 | |
| Petitioner, ) | | |
| ) | | |
| vs. ) | ORDER | |
| ) | | |
| THE UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Respondent. ) | | |
| _____) | | |

This matter is before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by petitioner James Dale Evans ('Petitioner"). On July 28, 2004, Petitioner was charged in Superseding Indictment 4:04-140 with three counts of criminal conduct. Counts 1 and 2 charged Petitioner with transporting and shipping child pornography in violation of 18 U.S.C. § 2252A(a)(1), and Count 3 charged Petitioner with possession of child pornography that had been transported by computer in violation of 18 U.S.C. § 2252(a)(5)(B). Petitioner entered a plea of not guilty to these charges on August 3, 2004. On September 15, 2004, a jury found Petitioner guilty of Counts One, Two, and Three following a two-day trial. On December 23, 2004, Petitioner was sentenced to one hundred eighty (180) months imprisonment as to Count 1; sixty-six (66) months imprisonment as to Count 2, to run consecutively to the term imposed for Count 1; and sixty (60) months imprisonment as to Count 3, to run concurrently. The total aggregate sentence imposed was two hundred forty-six months (246) to be followed by three years of supervised release. Pursuant to 18 U.S.C. § 2253(a), Petitioner was also ordered to forfeit five items of property related to his criminal conduct. Petitioner filed an appeal with the United States Court of Appeals for the Fourth Circuit. On August 25, 2006, the Fourth

Circuit issued an opinion affirming the judgment of the District Court. See United States v. Evans, No. 05-4093 (4th Cir. 2006).

Petitioner filed the present action on January 11, 2008, alleging several grounds for relief. (Doc. # 74).[1] Petitioner's trial counsel filed an affidavit on April 29, 2008. (Doc. #81). The United States of America ("Government") filed its response to Petitioner's motion for relief under 28 U.S.C. § 2255 and motion for summary judgment on May 16, 2008.[2] (Doc. # 82). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised by Order filed May 19, 2008 that he had thirty-four days to file any material in opposition to the Government's motion for summary judgment. (Doc. # 83). On September 18, 2008, the Petitioner filed a reply to the Government's response. (Doc. # 86). This matter is now ready for disposition.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, 28 U.S.C. § 2255 requires Petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

---

[1]The document numbers reflect the docket entries in Petitioner's Criminal Action No. 4:04-00140.

[2]This document has been docketed as "RESPONSE in Opposition by USA."

of the maximum authorized by law." This is the proof needed to allege a constitutional error. Courts have noted that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).

In deciding a section 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion. Accordingly, the Court concludes that this case is appropriate for disposition at this stage without the need for an additional evidentiary hearing.

## BACKGROUND

Petitioner has filed this action asserting the following claims (set forth verbatim):

1. Unknowing decision to proceed to trial due to ineffective assistance of counsel. Counsel failed to properly advise Petitioner regarding government's proposed plea-agreement.

2. Ineffective assistance of counsel due to conflict of interest. Petitioner's counsel represented material witnesses for Petitioner at the same time of this trial.

3. Ineffective assistance of counsel during the guilty phase of this case. Counsel failed to interview, investigate, subpoena witnesses, or properly examine witnesses prior to and during this trial.

4. Ineffective assistance of counsel during sentencing. Counsel failed to object to erroneous sentence.

5. Sentence imposed in violation of Petitioner's 5th & 6th Amendment rights.

STANDARD OF REVIEW

The Government has filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Doc. #82). The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); see Celotex, 477 U.S. 317.

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," because a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Because the non-moving party has failed to make a sufficient showing on an essential element of its case with respect to which she has the burden of proof, the moving party is therefore "entitled to judgment as a matter of law." Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

### I.

In his first four grounds for relief, Petitioner alleges that his counsel was ineffective in his actions and in failing to take certain action. A claim of ineffective assistance of counsel is subject to collateral review pursuant to 28 U.S.C. § 2255. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970).

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. As the Court in Strickland observed:

> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689.

Petitioner's burden as outlined above is two-pronged. In the present action, this Court is not sufficiently persuaded that Petitioner has satisfied either prong in relation to the ineffective

assistance of counsel claims raised in his petition.

Petitioner alleges in his first ground for relief that his counsel provided ineffective assistance by failing to advise Petitioner of the Government's proposed plea agreement. (Doc. #74). Essentially, Petitioner contends that, although trial counsel informed him that the Government had extended a plea offer, counsel declined to review the details of the plea agreement with him. In support of his contention, Petitioner has submitted affidavits of himself and his wife. (Pet'r's Aff. Ex. 9, P. Evans. Aff. Ex. 4). In his affidavit, Petitioner states that counsel advised him not to accept the Government's proposed offer "because [counsel] was absolutely positive that I would be found not guilty." (Pet'r's Aff. Ex. 9 at 2). Petitioner's wife, present during several meetings between Petitioner and his trial counsel, also states that trial counsel told Petitioner that the Government's plea offer "wasn't worth discussing because he knew [Petitioner] would be found not guilty." (P. Evans. Aff. Ex. 4 at 2). Petitioner therefore maintains that had he been properly advised as to the risks of proceeding to trial, he would have accepted the Government's plea agreement and entered a guilty plea. (Doc #86).

A defendant represented by counsel retains the right to make his own reasonably informed decision to accept or reject a plea offer. See Hill v. Lockhart, 474 U.S. 52, 56 (1985); see also United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998) ("[t]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case"). Failure to adequately communicate a plea offer to a client may constitute ineffective assistance of counsel. Ashley v. United States, 17 Fed. Appx. 306, 308 (6th Cir. 2001); see also United States v. Blaylock, 20 F.3d 1458, 1465-66 (9th Cir. 1994). Therefore, Petitioner's claim of ineffective assistance of counsel arising out of the plea negotiation process is subject to the Supreme Court's

two-pronged standard set forth in Strickland. Pursuant to this standard, Petitioner has the burden of persuading this Court by a preponderance of the evidence that his version of his negotiations with trial counsel is more likely true. See Leman v. United States, 987 F.2d 48, 51 (1st Cir. 1993).

After a careful review of the memoranda, exhibits, and affidavits submitted by the parties, this Court concludes that Petitioner has not shown by a preponderance of the evidence that trial counsel was ineffective in not advising him of the Government's plea offer. No evidentiary hearing is therefore required on this issue. First, Petitioner has not produced any direct evidence to support his contention beyond the self-serving affidavits of himself and his wife. See Rosario-Dominguez v. United States, 353 F. Supp. 2d 500, 520 (S.D.N.Y. 2005) (dismissing a 28 U.S.C. § 2255 petition where the defendant "submitted only conclusory and/or self-serving affidavits on the issue of whether [trial counsel] communicated plea offers to him"); see also Ashley, 17 Fed. Appx. at 309 (affirming dismissal of a 28 U.S.C. § 2255 petition where there was "little, if any, direct evidence to support testimony on behalf of either party," therefore defendant failed to satisfy his evidentiary burden) (internal quotations omitted); Haley v. United States, 3 Fed. Appx. 426, 429 (6th Cir. 2001) (affirming dismissal of a 28 U.S.C. § 2255 petition where defendant's contention "that he would have accepted the plea offer [was] . . . self-serving and equivocal").

This Court has carefully reviewed trial counsel's affidavit as it relates to the events at issue in this case. See United States v. Lam Kwong-Wah, 924 F.2d 298, 308 (D.C. Cir. 1991) (affirming a dismissal of an ineffective assistance of counsel claim based on trial counsel's affidavit which stated that he had thoroughly explained to the defendant the consequences of rejecting a plea offer). In his affidavit, trial counsel asserts that he "practically begged [Petitioner] to plead guilty;" that he met with Petitioner "and discussed the problems . . . with the case;" that he explained to Petitioner

the details of the Government's plea offer and that "if [they] could work a plea out then he would be sentenced somewhere between 8 and 10 years;" and that he discussed the United States Sentencing Guidelines, as well as possible enhancements Petitioner might receive, on multiple occasions. (Anderson Aff. 2, 3). Trial counsel also describes, in detail, his conversations with Petitioner, Petitioner's wife, and Petitioner's mother concerning the Government's plea offer. (Anderson Aff. 3).

In addition to trial counsel's affidavit, direct evidence introduced by both parties provides further support for this Court's conclusion that Petitioner has failed to prove his claim of ineffective assistance of counsel by a preponderance of the evidence. For example, trial counsel has produced a written document showing the statistical probability of being acquitted at trial, a document he presented to the Petitioner in an attempt to persuade him to accept the Government's plea offer. (Anderson Aff. Attach. A, Doc. #82). Moreover, this Court has carefully reviewed several pieces of written correspondence trial counsel mailed to Petitioner in advance of trial which contradict Petitioner's contention that counsel "was absolutely positive that [he] would be found not guilty." (Pet'r's Aff. Ex. 9 at 2). The letters, introduced into the record by Petitioner, contradict many of the allegations in the Petitioner's motion to vacate. In the letters, trial counsel advised Petitioner prior to Petitioner's trial that "[w]e have an uphill battle" (Pet'r's Ex. 12 at 2), and that "I do not know if it will be in our best interest to go forward with the trial in June [2004] or not" (Pet'r's Ex. 14 at 2).

Based on consideration of the totality of facts and evidence available, this Court concludes that Petitioner has not satisfied his evidentiary burden as to his allegation that trial counsel failed to properly advise him of the Government's plea offer and, relatedly, of the risks of proceeding to trial. Petitioner fails to offer any factual basis to support his conclusory claim beyond the testimony of

8

Petitioner and his wife. See Underwood v. Clark, 939 F.2d 473, 476 (7th Cir. 1991) (holding that petitioner's "bare, unsubstantiated, thoroughly self-serving . . . statement that his lawyer . . . forbade him to take the stand" did not necessitate an evidentiary hearing); see generally United States v. Sprague, 2006 WL 2583766, *2 (D.S.C. 2006). This Court cannot conclude that Petitioner's legal counsel was deficient in his performance, nor that Petitioner suffered any resulting prejudice therefrom in regard to ground one. The Government is therefore entitled to summary judgment as to the first ground of Petitioner's motion for relief under 28 U.S.C. § 2255.

In his second ground for relief, Petitioner alleges that trial counsel was legally ineffective because he labored under a conflict of interest by simultaneously representing Petitioner and Jason Miles, husband of Jennifer Miles. (Doc. #74). Both Jennifer and Jason Miles appeared as witnesses in Petitioner's trial. Specifically, Petitioner alleges he and witness Jennifer Miles had "conflicting interests" because trial counsel could have argued at trial that witness Miles, and not Petitioner, had actually downloaded and transmitted the pornographic images. (Pet'r's Mem. in Supp. of Pet. at 16, Doc. #75). Therefore, because trial counsel was aware that Miles "could have committed" the offenses that Petitioner was ultimately convicted of, trial counsel's representation of Jason Miles in an unrelated civil lawsuit influenced his decision not to pursue this theory of defense in Petitioner's case. See id.

An essential aspect of a defendant's Sixth Amendment right to effective assistance of counsel is an attorney "unhindered by conflicts of interest." Mickens v. Taylor, 240 F.3d 348, 355 (4th Cir. 2001), aff'd, 535 U.S. 162 (2002). Counsel has a general duty of loyalty and to avoid conflicts of interest, where "a breach of these duties can lead to ineffective representation." United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991). A claim of ineffective assistance of counsel premised on

9

the existence of a conflict of interest is subject to the standard articulated in Cuyler v. Sullivan, 446 U.S. 335 (1980), instead of that articulated in Strickland v. Washington, 466 U.S. 668 (1984). See United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007). To succeed, a petitioner must show "(1) that his lawyer was under an actual conflict of interest and (2) that this conflict adversely affected his lawyer's performance." Id. (internal quotations omitted). An actual conflict of interest is one where the attorney's "interests diverged with respect to a material fact or legal issue or to a course of action." Gilbert v. Moore, 134 F.3d 642, 652 (4th Cir. 1998); see also Tatum, 943 F.3d at 376 ("An attorney has an actual conflict of interest when he actively represents conflicting interests"). If a petitioner can satisfy the two-pronged test as set forth in Cuyler, he need not demonstrate that he suffered actual prejudice from counsel's conflict of interest. See Nicholson, 475 F.3d at 249.

Based on the facts and evidence in the record as well as the arguments made by the parties, this Court cannot conclude that Petitioner has satisfied his two-pronged burden under Cuyler. First, Petitioner has furnished no direct evidence beyond the post-trial testimony of Jennifer Miles that trial counsel ever represented Jason Miles. (Pet'r's Ex. 7). Petitioner's counsel states in his affidavit that he was contacted by Jason Miles concerning representation in a workers' compensation claim, but that counsel referred Mr. Miles to another law firm. (Anderson Aff. 4). Second, Mr. Miles's lawsuit appears to have concerned a workers' compensation claim. Mr. Miles's interest in recovering compensation for an injury he sustained at his place of employment was in no way "hostile" to Petitioner's attempt to avoid a criminal conviction for possession of child pornography. Tatum, 943 F.2d at 375. Finally, Petitioner has failed to show that even if his counsel did in fact represent Mr. Miles, which is not reflected by the evidence of record, that counsel's performance was adversely

10

affected as illustrated by his decision not to pursue Petitioner's suggested strategy. See Nicholson, 475 F.3d at 249. Neither before, during, or after trial has witness Jennifer Miles ever admitted to viewing child pornography on Petitioner's computer. Not only would pursuing such a strategy not appear to have been "objectively reasonable under the facts of the case known to [Petitioner's] attorney at the time of the attorney's tactical decision," but this strategy was hardly "clearly suggested by the circumstances." Id. (internal quotations omitted). Based on the record before it, this Court cannot conclude that Petitioner's counsel labored under an actual conflict of interest or that such a conflict would have adversely affected counsel's performance. The Government is therefore entitled to summary judgment as to the second ground of Petitioner's motion for relief under 28 U.S.C. § 2255.

Petitioner next alleges that trial counsel was ineffective during the guilt phase of Petitioner's trial in two respects. First, Petitioner contends that counsel was legally ineffective by failing to interview, investigate, subpoena, and "properly examine" witnesses before and during Petitioner's trial. (Doc. #74). Petitioner identifies four specific instances: counsel's failure to elicit testimony from Ms. Jennifer Miles, who apparently used Petitioner's computer "almost everyday" and "had admitted to participating in Internet pornography;" counsel's refusal to interview or investigate Mr. Carl Earp, who "had been in possession of [Petitioner's] computer on numerous occasions" and had once shown Petitioner "a website . . . that appeared to be a solicitation for child pornography;" counsel's refusal to investigate Petitioner's digital camera to "show that [Petitioner] had never taken a digital image of any child pornography;" and counsel's refusal to subpoena anyone from Farmer's Telephone Tech Support – a technical support telephone line which Petitioner's wife had contacted – to show that the ISP address of Petitioner's computer remained constant regardless of who was

11

using the computer at any particular time. (Pet'r's Mem. in Supp. of Pet. 17-22, Doc. #75). Second, Petitioner contends that trial counsel was ineffective for never informing him that it was Petitioner's sole decision as to whether to testify during his trial; instead, trial counsel "merely told [Petitioner] that he was going to testify." (Pet'r's Mem. in Supp. of Pet. 23, Doc. #75).

Based on a careful review of the trial record and the evidence submitted by both parties, this Court cannot conclude that Petitioner has satisfied his two-pronged burden under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), in attempting to show that trial counsel was ineffective regarding Petitioner's aforementioned claims. Trial counsel's strategic decisions with regard to witnesses Miles and Earp did not fall below an objective standard of reasonableness under the first prong of <u>Strickland</u>. 466 U.S. at 687. Jennifer Miles did testify on Petitioner's behalf, and was questioned as to whether she had ever accessed any child pornography. (Trial Tr. 256:11-18, Doc. #54). Mr. Carl Earp did not testify on Petitioner's behalf because, according to trial counsel, "he would not . . . and there was no way to compel him" to do so. (Anderson Aff. 4). Though counsel could have subpoenaed Mr. Earp to testify, nothing in the record indicates that counsel was deficient in choosing not to do so. Therefore, with regard to Petitioner's second allegation of ineffective assistance of counsel, trial counsel was not legally ineffective for refusing to pursue an alternate defense strategy that was "not objectively reasonable" or "clearly suggested by the circumstances." <u>Nicholson</u>, 475 F.3d at 249 (internal quotations omitted).

Trial counsel was also not legally ineffective for failing to further investigate Petitioner's digital camera or computer ISP address because there is not a reasonable probability that, even if this Court were to consider such decisions as "deficiencies," the outcome of Petitioner's trial would have been different. <u>See</u> <u>Strickland</u>, 466 U.S. at 687. In prosecuting Petitioner, the Government did not

12

allege that Petitioner took pornographic pictures using his digital camera, but that Petitioner downloaded and transferred images on his computer. (Doc. #53, Doc. #54). In light of this evidence, Petitioner did not suffer constitutional prejudice by trial counsel's failure to inform the jury that Petitioner's ISP address did not reflect the computer's individual user. Id. This Court therefore concludes that Petitioner has failed to satisfy his two-pronged burden under Strickland with regard to these allegations.

This Court is also not sufficiently persuaded that Petitioner has satisfied his evidentiary burden regarding his contention that trial counsel failed to advise Petitioner of his right to decide whether to testify at trial. A defendant in a criminal trial has a constitutional right to testify on his own behalf. Rock v. Arkansas, 483 U.S. 44, 51 (1987). Further, it is the defendant who "retains the ultimate authority to decide whether or not to testify." Id. (citing Jones v. Barnes, 463 U.S. 745, 751 (1983)). Trial counsel bears the burden of informing a criminal defendant of this right, with this burden constituting a component of effective assistance. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Here, Petitioner's affidavit is directly contradicted by the affidavit submitted by his trial counsel wherein counsel states that Petitioner "was adamant about testifying." (Anderson Aff. 5). More importantly, this Court expressly informed Petitioner that he had a right to testify or not to testify, and asked Petitioner whether he had made an individual decision to testify before allowing him to take the stand. (Trial Tr. 207:6-208:20, Doc. #54). Petitioner asserted to this Court that he understood his rights, and that he was electing to testify. (Trial Tr. 208:14, 208:20, Doc. #54). Thus, Petitioner has failed to overcome the "strong presumption" that counsel's conduct fell within the "wide range of reasonable professional assistance." Id. at 689; see also Underwood v. Clark, 939 F.2d 473, 476 (7th Cir. 1991) (holding that petitioner's "bare, unsubstantiated, thoroughly self-

serving . . . statement that his lawyer . . . forbade him to take the stand" did not necessitate an evidentiary hearing).

After a careful review of the record, trial testimony, exhibits, and memoranda submitted by the parties, this Court cannot conclude that Petitioner's counsel was legally ineffective in regard to Petitioner's claims discussed above. The Government is therefore entitled to summary judgment as to the third ground of Petitioner's motion for relief under 28 U.S.C. § 2255.

In his fourth ground for relief, Petitioner alleges that trial counsel was ineffective during the sentencing phase of Petitioner's trial by failing to object to his Presentence Investigative Report ("PSR"). Petitioner contends that counsel was legally ineffective for failing to object to the PSR's assignment of "numerous enhancements . . . that increased [Petitioner's] offense level from a level 17 to a level 37," resulting in a recommended guideline sentencing range of between 210 and 262 months. (Pet'r's Mem. in Supp. of Pet. 25, Doc. #75). Petitioner specifically points to two enhancements that were "erroneously applied:" a four-level enhancement under § 2G2.2(b)(4) and a five-level enhancement under § 2G2.2(b)(5) as contained in the United States Sentencing Guidelines Manual (2003). (Pet'r's Mem. in Supp. of Pet. 25, Doc. #75). Petitioner therefore concludes that because these enhancements constituted impermissible "double counting" of the same type of conduct, trial counsel was legally ineffective for failing to challenge or even discuss them with Petitioner. (Pet'r's Mem. in Supp. of Pet. 26, Doc. #75).

Under the United States Sentencing Guidelines, double counting of sentencing factors is "generally permitted" unless expressly prohibited. United States v. Fugit, 296 Fed. Appx. 311, 313 (4th Cir. 2008) (citing United States v. Reevey, 364 F.3d 151, 158-60 (4th Cir. 2004)). Impermissible double counting occurs if a provision of the guidelines is used to increase a convicted

14

defendant's punishment on account of a harm already fully accounted for. See United States v. Johnson, 221 F.3d 83, 99 (2d Cir. 2000) (citing United States v. Calozza, 125 F.3d 687 (9th Cir. 1997)). Here, a thorough review of the evidence, exhibits, and affidavits submitted by the parties leads this Court to conclude that Petitioner has not met his burden of demonstrating that he received ineffective assistance of counsel with regard to this allegation. First, an examination of the PSR belies Petitioner's contention that he received an enhancement under § 2G2.2(b)(4) for engaging in a pattern of sexual activity involving the exploitation of a minor; rather, Petitioner received an enhancement under § 2G2.2(b)(5) for using a computer to transmit, receive, or distribute the pornographic images.[3] Second, trial counsel states in his sworn affidavit that he twice mailed Petitioner a copy of his PSR along with requests for any objections Petitioner wished to file, receiving no response from Petitioner in either instance. (Anderson Aff. 5).

This Court further notes that even if Petitioner had received enhancements under both § 2G2.2(b)(4) and § 2G2.2(b)(5), no impermissible double counting occurred. Section 2G2.2 of the United States Sentencing Guidelines Manual covers "many different offenses, a number of which could be committed without . . . use of a computer." Fugit, 296 Fed. Appx. at 313; see also United States v. Santiago, 204 Fed. Appx. 50, 53 (2d Cir. 2006) ("Congress clearly viewed the dissemination of child pornography as a serious harm but viewed such pornography's dissemination via computer as a distinct, more serious harm"). Therefore, the Government is entitled to summary judgment on the fourth ground of Petitioner's motion for relief under 28 U.S.C. § 2255.

II.

In his fifth ground for relief, Petitioner contends that the sentence this Court imposed violated

---

[3] Petitioner received additional enhancements unrelated to his specific challenge.

Petitioner's Fifth and Sixth Amendment rights. (Doc. #74). Specifically, Petitioner maintains that this Court's total imposed sentence of 246 months was in excess of the statutory maximum and that, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), this Court impermissibly enhanced Petitioner's sentence based on facts not determined by the jury, included in the indictment, or conceded by Petitioner. (Pet'r's Mem. in Supp. of Pet. 28, Doc. #75). Petitioner relies on United States v. Booker, 543 U.S. 220 (2005) in ultimately asserting that because this Court enhanced his sentence based on its own factual determinations, and not those found by a jury beyond a reasonable doubt, his Fifth and Six Amendment rights were violated. (Pet'r's Mem. in Supp. of Pet. 28-29, Doc. #75).

However, Petitioner has already unsuccessfully litigated this issue on direct appeal with the Fourth Circuit. See United States v. Evans, No. 05-4093. (Doc. #70). Therefore, Petitioner may not collaterally attack his sentence for these alleged violations in his present motion for relief under 28 U.S.C. § 2255. See Boeckenhaupt v. United States, 537 U.S. F.2d 1182, 1183 (4th Cir. 1976). The Government is therefore entitled to summary judgment as to the fifth ground of Petitioner's motion for relief under 28 U.S.C. § 2255.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. #74), is **DENIED**, and the Government's motion for summary judgment, (Doc. #82), is **GRANTED**. This matter is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. Applying the provisions set forth at 28 U.S.C. § 2253 (c), this Court concludes that it is appropriate to issue a certificate of appealability as to all

issues raised herein.

**IT IS SO ORDERED**.

                                                                 s/ Terry L. Wooten
                                                  United States District Judge

January 8, 2010
Florence, South Carolina