UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Case No. 4:04-cr-00140-TLW |
| v. | **Order** |
| James Dale Evans | |

This matter is before the Court on Defendant James Dale Evans's *pro se* motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 132. For the reasons set forth below, his motion is denied.

## BACKGROUND

On September 15, 2004, a jury found Evans guilty of two counts of transportation and shipment of child pornography in interstate commerce by computer and one count of possession of child pornography. ECF Nos. 29, 45. On December 16, 2004, a sentencing hearing was held in which Defendant was sentenced to 246 months imprisonment, 180 months and 66 months as to the two shipment of pornography charges to run consecutively with sixty months concurrent on the pornography possession count. ECF No. 46, 48. Judgment was entered on December 23, 2004. ECF No. 48. BOP records reflect that Evans is scheduled to be released from custody on March 4, 2022.

## APPLICABLE LAW

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But prior to the passage of the First Step Act, compassionate release motions could only be filed by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons

warranting a sentence reduction is a question reserved to the sound discretion of the district court.

## DISCUSSION

In Defendant's motion, he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) on grounds that his medical conditions make him especially vulnerable to becoming seriously ill from COVID-19 and that he is more likely to contract COVID-19 in prison than outside of prison. He asserts that he suffers from asthma, sleep apnea, diabetes, and obesity. ECF No. 133 at 5. Defendant submitted medical records that verify these conditions. ECF No. 132-5. On March 23, 2021, Evans received the first dose of the Pfizer COVID-19 vaccine. He received the second dose of the Pfizer COVID-19 vaccine on April 13, 2021.

The Government opposes his motion, arguing (1) Evans has failed to present "extraordinary and compelling reasons" under the statute; and (2) that the § 3553(a) factors strongly disfavor a sentence reduction. ECF No. 142 at 10.

In arguing that Defendant has not identified "extraordinary and compelling reasons" for a sentence reduction, the Government points out that Evans presents the risk factor of type 2 diabetes mellitus but argues this condition does not warrant release because he has been vaccinated against COVID-19. The Government cites to the Center for Disease Control's updated list of underlying medical conditions that are at increased risk for severe illness from COVID-19, which includes diabetes.[1]

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-withmedicalconditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019- ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html

ECF No. 142 at 13. Additionally, the Government points to the guideline policy statement that treats an "extraordinary and compelling" circumstance as "a serious physical or medical condition. . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*.; U.S.S.G. § 1B1.13 app. note 1(A)(ii). "During this pandemic, the Government has acknowledged that an unvaccinated inmate who presents a medical risk factor identified by the CDC as increasing the risk of an adverse outcome from COVID-19, and who is not expected to recover from that condition, presents an extraordinary and compelling circumstance under that provision." *Id*. The Government argues that circumstance does not exist in Defendant's case—as he has received the COVID-19 vaccine and thus provided effective "self-care" against the virus. *Id*. In sum, the Government argues this Court's assessment should "be driven by the prevailing scientific view that vaccination makes extremely rare the risk of severe disease from the virus." ECF No. 142 at 16.

Next, the Government outlines Defendant's instant offense conduct, his criminal history, and his disciplinary violations while incarcerated. ECF No. 142 at 17. The Government argues that those considerations weigh against release.

In particular, the Government points out Evans's offense conduct: possession and distribution of significant quantities of child pornography on the internet. ECF No. 142 at 17-19. The Government emphasizes the graphic and sadistic nature of the

Defendant's underlying offense, which included images involving the violent abuse of children. *Id*. at 19.

In reply, Defendant argues the BOP's "Modified Operations" response to the COVID-19 pandemic has been ineffective, raising that "mask wearing by staff is not always enforced," and that BOP staff members are "the biggest threat of an outbreak to this compound." ECF No. 143 at 2, 3. Evans also raises the fact that he contracted COVID-19 while incarcerated, spent 21 days in a quarantine unit, recovered, yet has complications from contracting the virus. *Id*. at 3. Defendant rebuts the Government's position that he still poses a significant danger to the safety of the community, arguing that the notion "has no merit." *Id*. at 4. Finally, Evans reiterates that his position that early release is warranted so that he could take care of his elderly parents in these unprecedented times. *Id*. at 6.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report (PSR) and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, all of the § 3553(a) factors and the balancing of those factors, and his post-sentencing conduct.[2] In light of those considerations, the Court concludes that Defendant has not shown that "extraordinary and compelling reasons" warrant a reduction or that the § 3553(a) factors weigh in favor of release. The Court's reasons for reaching this

---

[2] The Court has considered in its analysis each of the issues raised in Defendant's filings, including (1) his medical conditions independently and in light of COVID-19; (2) the First Step Act's elimination of § 924(c) "stacking"; (3) the way that the BOP is managing the pandemic and Defendant's health conditions; (4) his growth and rehabilitation efforts while incarcerated; (5) his disciplinary issues while incarcerated; (6) the portion of his sentence served; and (7) his release plan, including living arrangements and medical care.

conclusion include (1) Defendant's medical records that indicate treatment and care and (2) the serious and sadistic nature of the instant federal offenses, which involved the possession and distribution of large amounts of child pornography.

As to the "extraordinary and compelling reason" standard, the Court has considered all of the circumstances and arguments raised by Defendant and concludes that he has not established an "extraordinary and compelling reason" that warrants release. As noted above, Defendant is seeking release due in part to his type 2 diabetes mellitus and the risk of COVID-19. The CDC's list of risk factors was most recently updated on December 14, 2021. *See* Centers for Disease Control and Prevention, "Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed May 27, 2021). It reports a list of conditions that "can make you more likely to get severely ill from COVID-19." An inmate who has not been offered a vaccine and presents a condition on that list presents an "extraordinary and compelling reason" allowing consideration of compassionate release. In the Defendant's case, he presents the risk factor of type 2 diabetes mellitus, a condition included on the CDC's list of risk factors. However, Defendant no longer constitutes an "extraordinary and compelling reason" warranting release because Evans has been vaccinated against COVID-19. Therefore, after careful consideration and for the reasons stated, the Court concludes that Defendant has not established that an "extraordinary and compelling reason" warrants release.

Even if Defendant had established an "extraordinary and compelling reason"

warranting release, the Court concludes that Defendant's motion would still be denied based on its analysis and balancing of the § 3553(a) factors. The Court has balanced those factors in light of the compassionate release issues not in play at the original sentencing. *Kibble* at 335 (Gregory, C.J., concurring).

In conjunction with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense: possession and distribution of significant quantities of child pornography on the internet. The facts of the instant offense are outlined in Paragraphs 9 – 23 of the PSR and detail Defendant's use of his computer to distribute images of child pornography to an undercover FBI agent. PSR ¶ 23. The Court incorporates these paragraphs in this order by its reference to them. When FBI agents executed a search warrant at Evans' residence, they seized his computer and over 70 compact discs. As the PSR details, "a review of the computer and CDs revealed over 1,000 images of child pornography, some of which were of children under the age of 12. These images also reflected prepubescent minor children engaged in graphic sexual acts to include sadistic images." *Id*. These graphic images include: adult males having sexual intercourse with young girls (including toddler age children); young girls performing oral sex on adult males; a young girl bound around her wrists with rope being sexually abused; young nude girl with gag in her mouth; a young girl with a hood over her head handcuffed while being sexually abused. PSR ¶¶ 17, 18, 21, 23. The PSR notes that hundreds of these images of children victims have been identified by the FBI in other investigations. PSR ¶ 18. Evans is in a criminal history category of I due to no prior criminal convictions, despite the severity and graphic nature of

his underlying federal offenses. PSR ¶ 64. Although the Defendant's criminal history is not extensive, the sentence Evans is currently serving reflects the seriousness of the crimes, promotes respect for the law, and provides deterrence from the sexual exploitation and abuse of children. Therefore, the Court concludes that "the history and characteristics of the defendant" weigh against release.

The Court also notes that sentences of incarceration were available for Defendant's conduct, and his Guidelines range was 210 to 262 months' imprisonment. PSR ¶ 91. The Court imposed 246 months, a sentence within the Guidelines range. There is no basis to conclude that a lesser sentence was warranted. Defendant filed an appeal and the Fourth Circuit affirmed the District Court's sentence. ECF Nos. 49, 70, 71, 72. Defendant has served approximately 244 months of his sentence. After reviewing the available sentences, the applicable Guidelines, and the sentence imposed, the Court concludes that §§ 3553(a)(3)-(4) also weigh against release and require Defendant serve the sentence imposed.

In light of the Court's § 3553(a) analysis, and because Defendant did not establish an "extraordinary and compelling reason," the Court concludes that a sentence reduction is not appropriate. Accordingly, his compassionate release motion, ECF No. ECF No. 132, is **DENIED**.[3]

---

[3] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *See, e.g.*, *United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

January 31, 2022
Columbia, South Carolina